IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DENISE M. GALLO** : | |
|         **Plaintiff,** : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 13-1155** |
| : | |
| **CAROLYN W. COLVIN, ACTING** : | |
| **COMMISSIONER OF SOCIAL SECURITY** : | |
|         **Defendant.** : | |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                      **September 15, 2014**

### I.   INTRODUCTION

Plaintiff Denise Gallo filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  Plaintiff seeks reversal of the Commissioner's decision, arguing that the Administrative Law Judge's ("ALJ") finding she is not disabled was not based on substantial evidence.  The Commissioner argues that the ALJ's determination was supported by substantial evidence and should be upheld.

United States Magistrate Judge Timothy R. Rice issued a Report and Recommendation ("R&R"),[1] finding the ALJ's decision was not based on substantial evidence, and recommending that this Court remand the final decision of the Commissioner for full and proper consideration of all the evidence, including the opinions and records of Plaintiff's treating physicians.  No objections to the R&R were filed.  Upon this Court's careful, independent consideration of the

---

[1] *See* Local R. Civ. Pro. 72.1.I(a); 28 U.S.C. § 636(b)(1)(B).

administrative record, the parties' submissions, and the applicable law, the Court will approve and adopt the R&R's finding that the ALJ's disability determination was not supported by substantial evidence. But because the record is fully developed and substantially clear as to the question of disability, the Court will reverse the decision of the Commissioner, and remand solely for the calculation and award of benefits, based upon a disability-onset date of November 1, 2010.

## II.   STANDARD OF REVIEW

A court reviewing a Social Security case must base its decision on the record of the administrative proceedings and the pleadings of the parties.[2] The court's review of legal issues is plenary, but its factual review is limited.[3] The court must determine whether the record contains substantial evidence to support the ALJ's factual findings, and whether the Commissioner applied the proper legal standards in making its decision.[4] For these purposes, "substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[5] It is more than a mere scintilla, but requires less than a preponderance of the evidence.[6] If the ALJ's factual findings were determined according to the correct legal standards and are supported by substantial evidence, the court is bound by them, "even if [it] would have decided the factual inquiry differently."[7] The substantial evidence standard is

---

[2] 42 U.S.C. § 405(g).

[3] *Schaudeck v. Comm'r of Soc. Sec.,* 181 F.3d 429, 431 (3d Cir. 1999).

[4] *See Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

[5] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted); *Jesurum v. Sec'y of the U. S. Dep't of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995).

[6] *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

[7] *Fargnoli*, 247 F.3d at 38.

"deferential and includes deference to inferences drawn from the facts if they, in turn, are supported by substantial evidence."[8]  Despite the deference to administrative decisions, however, "courts retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner]'s decision is not supported by substantial evidence."[9]

"A district court, after reviewing the decision of the Secretary may, under 42 U.S.C. § 405(g) affirm, modify, or reverse the Secretary's position with or without a remand to the Secretary for a rehearing."[10]  However, the district court may only award benefits when "the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the Claimant is disabled and entitled to benefits."[11]  If those conditions are met, "it is unreasonable for the court to give the ALJ another opportunity to consider new evidence concerning the disability because the administrative proceeding would only result in further delay in the receipt of benefits."[12]  Finally, a district court may, in its discretion, "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[13]

### III.  SOCIAL SECURITY LAW

In order to qualify for benefits, a person must be found to have a disability, defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable

---

[8] *Schaudeck*, 181 F.3d at 431.

[9] *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003) (quoting *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981)).

[10] *Gilliand v. Heckler*, 786 F.2d 178, 184 (3d Cir. 1986) (internal citations omitted).

[11] *Id*. at 184; *see also Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000).

[12] *Gilliand*, 786 F.2d at 185.

[13] 28 U.S.C. § 636(b)(1)(c).

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[14] An ALJ reviewing an application for disability benefits must employ the five-step process established in the Social Security Regulations ("the Regulations") to determine whether a disability exists.[15] At step one, the ALJ must determine whether the applicant is engaged in "substantial gainful activity;" if she is, the claim is denied. If the applicant is not engaged in substantial gainful activity, the ALJ must determine at step two whether the applicant suffers from a severe, medically determinable impairment which significantly limits her ability to work. If the applicant has such an impairment, the ALJ must determine at step three whether the impairment found meets the criteria for any of the impairments conclusively presumed to be disabilities, which are listed in Part 404, Subpart P, Appendix 1 ("the Listings"),[16] or has an equivalently debilitating medical condition. If the applicant has a severe impairment that does not meet or equal an impairment in the Listings, the ALJ must determine at step four whether the applicant has the Residual Functioning Capacity ("RFC") to perform her former relevant work. If the applicant does not have the RFC to perform her previous work, the Commissioner must establish at step five that the applicant has the RFC to perform other work that exists in the national economy, considering her age, education and work experience. At this fifth step, if the Commissioner cannot demonstrate that the applicant has the RFC to perform other existing work, the ALJ must find the applicant to be disabled.

---

[14] 42 U.S.C. §§ 423(d)(1)(A); *see also Barnhart v. Thomas*, 540 U.S. 20, 23 (2003).

[15] *Sykes v. Apfel*, 228 F.3d 259, 262-63 (3d Cir. 2000); 20 C.F.R. §§ 404.1520.

[16] *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

**IV. DISCUSSION**

   *A. The ALJ's Decision*

The ALJ reviewed the evidence regarding Plaintiff's claim, held a video hearing at which Plaintiff and a vocational expert testified, and, on May 18, 2012, issued the decision. At step 1, the ALJ found that Plaintiff was not working. At step 2, the ALJ found that Plaintiff has "the following severe impairments: asthma, diabetes mellitus, peripheral/diabetic neuropathy, degenerative disc disease, venous stasis, and obesity."[17] At step 3, the ALJ found that Plaintiff's severe impairments did not meet or equal an impairment in the Listings. At step 4, the ALJ found that Plaintiff:

> has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she is limited to occasional balancing, crouching, kneeling, stooping, and climbing ramps and stairs, but she should never crawl or climb ladders, ropes or scaffolds. Due to Ms. Gallo's asthma, she should avoid hazardous machinery and heights, humidity, wetness, concentrated exposure to fumes, dusts, odors, gases, and poor ventilation, and extremes of cold or heat. The claimant is unable to use foot pedals or foot controls, but [*sic*] she must be allowed to use a cane to assist with ambulation. Due to finger numbness, touch cannot be an essential function of the job.[18]

Notably, however, the ALJ concluded that Plaintiff would not be able to perform her past relevant skilled sedentary work as a medical secretary or accounting clerk.[19] At step 5 the ALJ found that considering Plaintiff's age, education, work experience, and RFC, that there were unskilled sedentary jobs that Plaintiff could perform, and therefore the ALJ concluded that Plaintiff is not disabled.[20]

---

[17] R.11.

[18] R.13.

[19] R.17.

[20] R. 17-18.

5

*B. The R&R*

Magistrate Judge Rice concluded that the ALJ failed to consider the extent and severity of Plaintiff's asthma, and failed to give appropriate weight to the opinions of Plaintiff's treating physicians. The R&R comprehensively summarizes Plaintiff's extensive asthma treatment with Dr. Bell and Dr. Lee from 2009-2011. On April 11, 2011, Dr. Bell completed assessment forms that indicated that Plaintiff could not tolerate physical exertion due to her asthma,[21] and that without asthma medications, Plaintiff would require hospitalization.[22] Dr. Bell concluded that Plaintiff had been disabled since October 2010 and that the disability was expected to last for an indeterminate period exceeding 12 months.[23] On January 25, 2011, Plaintiff was examined by consulting examiner Dr. Singh, who found decreased breath sounds but found Plaintiff did not put forth her best attempt on an air flow test, and concluded that Plaintiff had very few limitations in the ability to perform work-related physical activities, including no limitation in standing or walking.[24] With regard to these opinions, the ALJ wrote that he:

> gave the opinions of Dr. Bell limited weight because his opinions were not supported by the objective medical evidence, or Ms. Gallo's admitted daily activities, and his speculation as to the claimant's ability to work is specifically reserved for the Commissioner. The undersigned considered Dr. Lee's comment that the "patient was not approved for disability and cannot work", and gave it no weight because it merely reflected the history of the case, and actions taken previously.
>
> The undersigned gave significant weight to the objective findings and assessment of consultative examiner Dr. Singh because he had an opportunity to observe the claimant, and his opinion was somewhat consistent with the record. However, the undersigned found Ms. Gallo to be more restricted than Dr. Singh.[25]

---

[21] R.579.

[22] R.592.

[23] R.593.

[24] R.499-500, 507-08.

[25] R.16-17.

The R&R concluded that the ALJ "failed to adequately explain why he discounted not just the opinion evidence but the objective medical findings of Drs. Lee and Bell."[26] The Court fully agrees with the Magistrate Judge's conclusion that the opinion of the ALJ is not supported by substantial evidence with regard to the limitations caused by Plaintiff's asthma.[27] The ALJ failed to explain why these objective findings were not accorded controlling weight.[28] The Court also agrees with the R&R that the ALJ failed to explain why he found that Plaintiff's prescription for the use of a nebulizer "as needed" could be accommodated solely through use during scheduled work breaks when the vocational expert concluded that use other than during scheduled breaks would preclude employment.[29]

*C. An Award of Benefits is Warranted*

Although the R&R recommended remand for further evaluation by the ALJ, a district court may order an award of benefits to a claimant when "the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the Claimant is disabled and entitled to benefits."[30] Here, the record is fully developed (with the possible exception of certain testing with regard to Plaintiff's asthma, as discussed below). The record establishes, as the ALJ concluded, that Plaintiff is unable to perform her past skilled sedentary work.[31] The Court cannot reconcile the ALJ's finding that Plaintiff is unable to

---

[26] R&R at 14.

[27] R&R at 13-14.

[28] 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2).

[29] R&R at 14.

[30] *Gilliland v. Heckler*, 786 F.2d 178, 184 (3d Cir. 1986) (citations omitted).

[31] The Court also agrees that the ALJ failed to take account of Plaintiff's claim that her venous stasis requires that Plaintiff raise her legs above the level of her head at frequent intervals, and failed to include that limitation in the hypothetical to the vocational expert. R&R at 3 n.4.

perform her past sedentary skilled work as a medical secretary and accounting clerk, a finding that is certainly supported by substantial evidence, with the finding that Plaintiff can perform the sedentary unskilled tasks of addresser or document preparer.  Plaintiff's limitations, even when restricted only to those found by the ALJ, do not affect only her ability to perform the *skilled* aspects of her prior work, but also her ability to engage in physical tasks which are essential both to her prior work and the positions the vocational expert identified.  The ALJ did not set forth what differences between unskilled and skilled sedentary work would enable Plaintiff to perform one but not the other.  The vocational expert did not explain this distinction, and the record does not otherwise support it.[32]

In addition, as noted in the R&R, there is reason to believe that Plaintiff's asthma meets or, in combination with other conditions, equals an impairment in the Listings.  Asthma attacks meet the Listing in the following circumstances:

> in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year. Each in-patient hospitalization for longer than 24 hours for control of asthma counts as two attacks, and an evaluation period of at least 12 consecutive months must be used to determine the frequency of attacks. . . . The medical evidence must also include information documenting adherence to a prescribed regimen of treatment as well as a description of physical signs. For asthma, the medical evidence

---

[32] The two unskilled sedentary jobs identified by the vocational expert were "addresser" and "document preparer." R.57-58. According to the Dictionary of Occupational Titles, addresser requires a worker to "[a]ddress[] by hand or typewriter, envelopes, cards, advertising literature, packages, and similar items for mailing. May sort mail." DOT 209.587-010. A document preparer "[p]repares documents, such as brochures, pamphlets, and catalogs, for microfilming, using paper cutter, photocopying machine, rubber stamps, and other work devices: Cuts documents into individual pages of standard microfilming size and format when allowed by margin space, using paper cutter or razor knife. Reproduces document pages as necessary to improve clarity or to reduce one or more pages into single page of standard microfilming size, using photocopying machine. Stamps standard symbols on pages or inserts instruction cards between pages of material . . . . Prepares cover sheet and document folder for material and index card for company files indicating information, such as firm name and address, product category, and index code, to identify material. Inserts material to be filmed in document folder and files folder for processing according to index code and filming priority schedule." 249.587-018.  The Court finds it difficult to reconcile the vocational expert's opinion that Plaintiff could perform these jobs with the limitation found by the ALJ that "[d]ue to finger numbness, touch cannot be an essential function of the job." R.13.

should include spirometric results obtained between attacks that document the presence of baseline airflow obstruction.[33]

Plaintiff sought medical treatment for asthma nearly a dozen times during 2010, including a one-day hospitalization in February 2010 and a three-day hospitalization in September 2010.[34] Dr. Bell wrote on April 18, 2011 that Plaintiff "seems to be getting a significant flare requiring Prednisone burst approximately after two months . . . any physical exertion gives her a flare that will last for approximately five to six days."[35]

The Court notes that although the transcript of the hearing does not indicate that the record was being held open, the ALJ requested the completion of post-hearing interrogatories from a consulting physician, Dr. Cruz.[36] Dr. Cruz, who did not examine Plaintiff, opined that the spirometry test results were not reproducible and therefore Plaintiff's asthma symptoms did not meet the Listing.[37] Dr. Cruz recommended further testing, which apparently did not occur before the claim was denied.[38] It appears that Plaintiff had no opportunity to respond to Dr. Cruz's opinion or to have further testing done, and therefore the Court determines that Dr. Cruz's opinion cannot be said to preclude a finding of disability. The Court concludes that the severity of Plaintiff's asthma, especially when considered in combination with her other severe impairments, constitutes substantial evidence of disability, and likely meets listing-level impairment. Given that the evidence already of record strongly supports a finding of disability, the Court concludes that remand would only cause unnecessary delay in an award of benefits.

---

[33] 20 C.F.R. 404.1520, App'x 1, Subpart P, Part 404, Listing 3.00(c).

[34] R&R at 4-6 (summarizing medical records).

[35] R.595.

[36] R.685.

[37] R.686-87.

[38] R&R at 9-10.

## V.	CONCLUSION

Because substantial evidence on the record establishes that Plaintiff is disabled, the Court will remand for an award of benefits.  Appropriate orders will be entered.